IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50797
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELSA VASQUEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-98-CR-62-1
- - - - - - - - - -

June 16, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Elsa Vasquez appeals her conviction for possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). She argues that the district court erred in denying her motion to suppress the evidence seized from her automobile. She argues that the "feeling" of the backseat of her automobile was a search without probable cause, that the subsequent search of the automobile was without probable cause, and that she did not consent to the search of the automobile. The record

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indicates that agents had reasonable suspicion to stop Vasquez's vehicle because the vehicle was driving close to the United States-Mexican border; it appeared dusty, indicating it had crossed the border; it was traveling early in the morning at a time when there was generally no traffic; and it decelerated drastically after agents began following the car and began using turn signals on ordinary curves in the road. See United States v. Inocencio, 40 F.3d 716, 722 (5th Cir. 1994). Based on the location of the vehicle, the dusty appearance of the vehicle, the time of day the vehicle was observed, the vehicle's deceleration after agents began following it, Vasquez's extreme nervousness after being stopped, Vasquez's implausible statement that she was going to work at a tomato farm, and the agents' general knowledge and experience, the agents had probable cause to search the vehicle. See United States v. McSween, 53 F.3d 684, 686 (5th Cir. 1995). The record indicates that Vasquez's consent to search the automobile was voluntary, as Vasquez was not under arrest at the time that she gave her consent, the border patrol agents did not use any coercive procedures, Vasquez cooperated fully and consented immediately upon request to a search of the trunk and then the vehicle's interior, and Vasquez did not question or object to the search at any time. See United States v. Cooper, 43 F.3d 140, 144 (5th Cir. 1995). Therefore, the district court's judgment is

AFFIRMED.