IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10823
Conference Calendar

_____

LARUE CHRISTIAN,

Plaintiff-Appellant,

versus

VERA GOURD, Dallas Police Department;
JOHN HALEY, Dallas Police Department;
BENNIE R. CLICK, Dallas Police Department,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-1239-H
--------------------
April 12, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:*

LaRue Christian, Texas prisoner # 523046, has filed a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, following the district court's granting of summary judgment in favor of the defendants and denial of his 42 U.S.C. § 1983 civil rights action. By moving for IFP status, Christian is challenging the district court's certification that IFP status should not be granted on appeal because his appeal presents no nonfrivolous issues and is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Christian argues that the district court did not give him an opportunity to conduct discovery and to litigate his claims. The district court did not abuse its discretion in staying discovery to enable the defendants to assert qualified immunity defenses. See Siegert v. Gilley, 500 U.S. 226, 231 (1991).

Christian argues the district court signed the defendants' proposed findings and order without giving him notice and an opportunity to respond; however, he does not explain which proposed findings the district court allegedly adopted without giving him notice. Because Christian received notice of the magistrate judge's report and recommendation and an opportunity to file objections, he has not shown that the district court adopted the defendants' proposed findings or entered judgment without giving him notice or an opportunity to respond.

Christian argues that he made a jury demand and that the district court violated his due process rights by not giving him a jury trial. Christian was not denied his right to a jury trial because the district court determined that there were no genuine issues of material fact for which a jury trial would be needed. See, e.g., Odum v. Penn. Mut. Life Ins. Co., 288 F.2d 744, 748 (5th Cir. 1961).

Christian argues that the district court did not give him notice that service of process intended for Haley was returned unexecuted until he received the district court's order dismissing his claim against Haley. Because the appellate record does not contain the summons which was returned unexecuted, it is not possible to determine whether Christian received notice that

the summons was not served on Haley.  However, the district court's judgment may be affirmed on the alternative ground that Christian's claims against Haley lacked merit.  See United States v. McSween, 53 F.3d 684, 687 n.3 (5th Cir. 1995).  Christian has not shown that he has a liberty interest in the requested information, and Section 552.027 of the Texas Government Code negates any liberty interest he may have had in the requested information.  Therefore, he has not shown that Haley violated his due process rights in denying his request for a copy of his police report.  See Geter v. Fortenberry, 849 F.2d 1550, 1556 (5th Cir. 1988) (plaintiff can obtain relief under § 1983 only when his federal statutory or constitutional rights are violated); see also Tarka v. Franklin, 891 F.2d 102 (5th Cir. 1989)(court denied plaintiff's due process and § 1983 claims for defendant's refusal to provide access to his student records and concluded that plaintiff was not entitled to the records because he was not a student under Family Educational Rights and Privacy Act).

Because Christian has not shown that he will raise a nonfrivolous issue on appeal, his IFP motion is DENIED and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

Christian is cautioned that this court's dismissal of his appeal counts as a "strike" under § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Christian is further cautioned that if he accumulates three "strikes" under § 1915(g), he will not be able to proceed IFP in any civil action

or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.