IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40182
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

FERNANDO A. PEREZ

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CR-54-ALL
--------------------
December 11, 2001

Before KING, Chief Judge, and JOLLY and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Fernando A. Perez appeals his conviction and sentence for possession with intent to distribute more than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1). In particular, Perez challenges the district court's denial of his motion to suppress evidence. Perez contends that his consent to open the trunk of his vehicle was not given voluntarily since the circumstances surrounding his "roadside interrogation" were "naturally coercive." Perez also argues that the investigating

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

officer exceeded the scope of the consent when he leaned inside the trunk to smell and when he squeezed Perez's luggage.

We review Perez's claim of involuntary consent for plain error since his argument that his consent was obtained through coercive means is raised for the first time on appeal. Perez's argument does not survive this standard of review. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc); United States v. Kelley, 981 F.2d 1464, 1470 (5th Cir. 1993). Similarly, Perez's argument that the investigating officer exceeded the scope of the consent is not supported by the law of this circuit. See United States v. McSween, 53 F.3d 684, 688 (5th Cir. 1995).

AFFIRMED.