IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11033
Summary Calendar
_____

KEVIN HUTCHINGS

           Petitioner - Appellant

  v.

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION

           Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:97-CV-185
--------------------
May 17, 2001

Before KING, Chief Judge, and SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

Kevin Hutchings appeals the dismissal of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hutchings contends that he was denied effective assistance of counsel due to his attorney's waiver of a Fourth Amendment claim arising out of a traffic stop.

Although we agree that counsel's performance was deficient, we do not agree that Hutchings has made the requisite showing of prejudice. See Strickland v. Washington, 466 U.S. 668, 685-88

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1984). The state court reasonably could have concluded that the officers learned that Mills did not have a valid license during the scope of the initial detention for a traffic stop. See, e.g., United States v. Jones, 234 F.3d 234, 240 (5th Cir. 2000); United States v. Dortch, 199 F.3d 193, 198 (5th Cir. 1999). Further, the state reasonably could have concluded that Hutchings's consent to search the car included the search of the spare tire. See Florida v. Jimeno, 500 U.S. 248, 249, 251 (1991); United States v. McSween, 53 F.3d 684, 688 (5th Cir. 1995). Under the deferential standard of 28 U.S.C. § 2254(d), we cannot say that the rejection of Hutchings's ineffective-assistance claim was contrary to or involved an unreasonable application of federal law. The judgment of the district court is AFFIRMED.