IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50892
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DARRELL LAMOR DERRY,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-416-1
--------------------
August 22, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

     Darrell Lamor Derry appeals the district court's denial of his motion to suppress evidence.  He argues that he was illegally seized without probable cause when he was placed in the police officer's squad car inasmuch as he was not free to leave.  Derry avers that the subsequent abandonment of the contraband in the police car was the result of the illegal seizure and thus was not voluntary.  Derry therefore asserts that the cocaine that was found in the back of the police vehicle should have been suppressed.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although the Government did not expressly argue or develop at the hearing on the motion to suppress that Derry consented to being placed in the police car, it did recite in its opposition to the motion to suppress that Derry consented to his placement in the police car.  Accordingly, the Government preserved the issue for appeal.  It is also questionable whether an appellee is foreclosed from raising arguments in support of affirmance for the first time on appeal.  See Bickford v. Int'l Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981) (reversal is inappropriate if the ruling of district court can be affirmed on any grounds, regardless whether those grounds were used by district court).  Moreover, Derry, as part of his plea agreement, stipulated that he consented to being placed in the police car.

We have reviewed the record and the briefs on appeal and affirm the district court's denial of the motion to suppress on the basis that because Derry consented to being placed in the police car, his detention did not amount to a seizure in violation of his Fourth Amendment rights.  Thus, the subsequent search of the police vehicle and the discovery of the cocaine was not tainted by the seizure.  See United States v. McSween, 53 F.3d 684, 687 n.3 (5th Cir. 1995)(court may affirm on any grounds supported by record); see also United States v. Basey, 816 F. 2d 980, 983 n.1 (5th Cir. 1987) ("[T]his Court may consider not only the evidence from the suppression hearing but also evidence presented during the trial.")

AFFIRMED.