IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41346
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

        versus

DAVID WAYNE DURKE,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CR-168-1

_____

August 31, 2001

Before GARWOOD, BARKSDALE and DEMOSS, Circuit Judges.

PER CURIAM:[*]

        David Wayne Durke (Durke) appeals his conviction for
possession with intent to distribute methamphetamine in violation
of 21 U.S.C. § 841(a).  Durke challenges the district court's
denial of his motion to suppress.  He argues that the search of his
vehicle was unconstitutional because, *inter alia*, the officers only
had a "hunch" that he would have marihuana in the vehicle.

---

        [*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As noted in *United States v. Reed*, 822 F.2d 147, 149 (5th Cir. 1989), the distinct odor of burnt marihuana, by itself, will provide probable cause to search a vehicle. Moreover, the detection of the odor of marihuana justifies a search of the entire vehicle, including locked compartments where contraband is likely to be concealed. *Id. See also United States v. McSween*, 53 F.3d 684, 686-87 (5th Cir. 1995).

In reviewing a ruling on a motion to suppress, this court reviews factual findings for clear error. *United States v. Jordan*, 232 F.3d 447, 448 (5th Cir. 2000). This court must view the evidence in the light most favorable to the prevailing party. *Id.* As in *Reed*, "the resolution of this issue simply boiled down to a credibility choice," *Reed,* 882 F.2d at 149, and the district court's express choice to believe the officers' testimony that they smelled a burned marihuana odor coming from the vehicle, and thus to deny the motion to suppress, was not clear error. "It is not controlling that the substance eventually discovered in the vehicle was [methamphetamine], and that no marihuana was ever found." *Id*. "It is settled that the presence or absence of probable cause to search is not determined by what the search does or does not ultimately reveal." *Id*. *See also McSween supra*.

Durke's conviction is AFFIRMED.