IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51114
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE ZOLLINO,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-180-1-EP
---------------------
December 21, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

     Jose Zollino appeals the district court's detention order denying his request for release pending trial.  He argues that the district court's judgment should not be given deference because the district court erroneously stated that the detention hearing transcript was not part of the record and the district court did not review the transcript.  Although the record indicates that the district court did not review the transcript of the detention hearing, the district court's judgment may be

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affirmed on any ground supported by the record.  See <u>United States v. McSween</u>, 53 F.3d 684, 687 n.3 (5th Cir. 1995).

The district court's determination that Zollino should be detained pending trial because he poses a flight risk is supported by the record.  Zollino has been indicted for 19 counts of securities fraud, mail fraud, wire fraud, and money laundering, and he faces a possible sentence of up tp 260 years of imprisonment, very large criminal fines, and restitution of approximately $325 million.  The evidence presented at the detention hearing indicates that Zollino is a Mexican citizen, his wife is a Spanish citizen, and they both frequently travel internationally.  Zollino has no real property in the United States, and the Government presented evidence indicating the Zollino has transferred assets outside of the United States and has some control over assets which are listed in the name of his mother and/or his father.  Zollino failed to comply with the magistrate judge's order to provide a report prepared by the bankruptcy receiver concerning his assets and those assets in the names of others over which he has direct or indirect control.  Without such financial information, the district court could not determine the appropriate amount of a bond or security for a bond which would be sufficient to ensure Zollino's appearance for the trial.  Because the district court's detention order is supported by the record, the district court's order is AFFIRMED.  Zollino's motion to supplement the record on appeal is DENIED.