IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 5, 2002 Session

## STATE OF TENNESSEE v. DAVID WALTER TROXELL

**Appeal by permission from the Criminal of Criminal Appeals**
**No. CR-4933   Robert Burch, Judge**

---

**No. M2002-01100-SC-R11-CD - Filed May 28, 2002**

---

FRANK F. DROWOTA, III, C.J., dissenting.

I dissent from the majority's finding that the search at issue in this appeal violated the Fourth Amendment to the United States Constitution and Article I, § 7 of the Tennessee Constitution. At the outset, it is important to emphasize that this appeal involves a very narrow issue. The defendant has not challenged the legality of the initial stop, the legality of the officer's request for consent, the voluntariness of his consent, or the legality of the search of the fuel tank which occurred at the service station where approximately 300 grams of cocaine were discovered. Furthermore, the defendant has not asserted that the length of the detention rendered the search unreasonable and unconstitutional. The defendant's sole argument on appeal is that the search exceeded the scope of the consent given because Trooper Norrod looked underneath the truck. The basis for this assertion is the defendant's claim that Trooper Norrod's request for permission to search for "weapons in the vehicle"[1] and the defendant's consent to that request limited the search to only the interior passenger compartment of the vehicle. This entire appeal, therefore, turns upon the meaning of the word "in." Did the officer's use of this word limit the search to the passenger compartment of the vehicle? In my view, the manifest answer to this question is no. Therefore, I disagree with the majority and would affirm the judgment of the Court of Criminal Appeals which held that the search did not exceed the scope of the defendant's consent.

### Consent

As the majority accurately states, the facts are undisputed; therefore, the standard of review is de novo. State v. Daniel, 12 S.W.3d 420, 423 (Tenn. 2000). The governing law is straightforward. A search conducted pursuant to consent is constitutionally valid, but the consent must be "unequivocal, specific, intelligently given, and uncontaminated by duress or coercion.'"

---

[1]Trooper Norrod asked the defendant, "Do you have any weapons in the vehicle?" Troxell responded, "No, nothing." When Trooper Norrod asked if he could "take a look," Troxell answered, "Yeah, go ahead."

State v. Simpson, 968 S.W.2d 776, 784 (Tenn. 1998) (quoting State v. Brown, 836 S.W.2d 530, 547 (Tenn.1992)). Even if consent is voluntary, the search must not exceed the scope of the consent, or evidence seized as a result of the search will not be admissible. See generally 3 Wayne R. LaFave, Search and Seizure, § 8.1(c) (3d ed. 1996). In evaluating the validity of a consent search it is important to consider any express or implied limitations or qualifications which may establish the permissible scope of the search in terms of time, duration, area, or intensity of police activity. Id. The subjective intentions and interpretations of the consenting party and the searching officer are not relevant to this evaluation. Id. The governing standard is "that of 'objective' reasonableness – what would the typical reasonable person have understood by the exchange between the officer and the suspect." Florida v. Jimeno, 500 U.S. 248, 251, 111 S. Ct. 1801, 1803-04, 114 L. Ed.2d 297 (1991); State v. McCrary, 45 S.W.3d 36, 44 (Tenn. Crim. App. 2000), perm. app. denied (Tenn. 2001). The understanding of a "typical reasonable person" will generally depend upon the expressed object of the search. Id. Thus, in Jimeno, the United States Supreme Court concluded that, when the motorist consented to a search for narcotics, it was objectively reasonable and constitutionally permissible for the officer to search containers within the vehicle that could be used to hide drugs. Id. at 251, 111 S. Ct. at 1804. Similarly, the Court of Criminal Appeals held that when a motorist consented to a search of her vehicle for alcohol, narcotics and weapons, it was objectively reasonable and constitutionally permissible for the officer to search the "covered, but easily accessible, cargo area of the vehicle and any unlocked containers or luggage inside the vehicle" that could have contained those items. McCrary, 45 S.W.3d at 44. In other words, when an officer requests consent to search for certain items, the search may constitutionally extend to any and all areas that could contain the items being sought. See, e.g., People v. Najjar, 984 P.2d 592, 596 (Colo. 1999); United State v. Martinez, 949 F.2d 1117 (11th Cir. 1992); 3 Wayne R. LaFave, Search and Seizure at § 8.1(c) n.75 (3d ed. 1996) (citing cases). For example, "[o]fficers who receive consent to search for a stolen wide-screen television set, . . . would act unreasonably by expanding their search to include small containers or drawers where such an item could not possibly be located." Najjar, 984 P.2d at 596.

As previously stated, the defendant in this appeal says that when he consented to Trooper Norrod's request to search for weapons "in the vehicle," he believed the search would be limited to the interior passenger compartment of the truck. The defendant urges that his understanding of the exchange is objectively reasonable and therefore asserts that the search of the undercarriage of his vehicle exceeded the scope of his consent. I do not agree.

While the defendant may have *subjectively* believed that the phrase "in the vehicle" referred only to the interior passenger compartment of the pickup truck, the defendant's belief was not objectively reasonable. At no time during the verbal exchange between the defendant and Trooper Norrod did the defendant place such a limitation on the search. Trooper Norrod requested and received consent to search for weapons "in the vehicle." Therefore, it was objectively reasonable for Trooper Norrod to conclude that the defendant's consent encompassed any and all areas "in the vehicle" which could contain or be used to hide weapons. The undercarriage of the vehicle and the gas tank are certainly "in the vehicle." In fact, without the gas tank, a vehicle is immobile. In addition, the uncontroverted proof in this record reveals that the gas tank is an area where weapons can be concealed. Indeed, Trooper Norrod testified without contradiction that, based upon his

experience and training as a law enforcement officer involved in interdiction, weapons can be concealed in a vehicle's gas tank.[2]

Moreover, my conclusion that this search was objectively reasonable and did not exceed the scope of the consent is consistent with and supported by the decisions of many other courts which have confronted similar circumstances. See, e.g., United States v. West, 219 F.3d 1171 (10th Cir. 2000)(holding that a search of the trunk was within the scope of consent to "look in the vehicle"); United States v. Zapata, 180 F.3d 1237 (11th Cir. 1999) (holding that a search behind an interior door panel of a vehicle did not exceed the scope of consent to search the vehicle for "drugs, guns, weapons, and large sums of money"); United States v. Anderson, 114 F.3d 1059 (10th Cir. 1997) (holding that a full search of the automobile, including an examination of the undercarriage and the gas tank, did not exceed the scope of consent to "scout around" the vehicle); United States v. Mcrae, 81 F.3d 1528 (10th Cir. 1996) (holding that consent to officer's request to "look in the car" included a search of the trunk during which officers lifted the carpet and otherwise dismantled areas of the trunk); United States v. Wacker, 72 F.3d 1453 (10th Cir. 1995) (holding that consent to search a truck for guns or contraband was not limited in scope to the passenger compartment of the vehicle and encompassed the rear camper and truck bed); United States v. McSween, 53 F.3d 684 (5th Cir. 1995) (holding that a search under the hood was within the scope of consent to "look in" the car and trunk); United States v. Sierra -Hernandez, 581 F.2d 760 (9th Cir. 1978) (holding that a search beneath the hood and inside the cargo portion of a truck did not exceed the scope of consent to "look inside the truck"); State v. Jones, 592 So.2d 363 (Fla. Ct. App. 1992) (holding that a search of the undercarriage of a car, which resulted in the discovery of a large amount of cocaine in the fuel tank, did not exceed the scope of consent to "search the vehicle"). Regardless of this contrary authority, the majority decision appears to impose a high level of specificity on officers requesting consent. Apparently, the majority's conclusion in this case would have been different had Trooper Norrod requested permission to search "the vehicle" for weapons rather than requesting permission to search for weapons "in the vehicle." Such specificity is neither required by nor appropriate to this constitutional analysis. The governing standard is objective reasonableness, not linguistic specificity.[3]

Also supporting the conclusion that this search did not exceed the scope of the consent is the fact that the defendant failed to object to the breadth of the search or attempt to confine its scope in any way. As the Court of Criminal Appeals concluded, the videotape does not suggest or indicate that the officers prevented the defendant from objecting. In fact, the defendant testified that he did

---

[2] I do not contend, as the majority opinion suggests, that the consent was itself sufficient to justify a search of the interior of the gas tank. Instead, I conclude, consistent with defense counsel's concession during oral argument, that the officer's observations of the exterior of the gas tank established probable cause supporting a search of the interior of the gas tank.

[3] According to the majority, an officer should have no problem specifying that he or she wishes to search "under the car" and the "gas tank." Again, the standard is objective reasonableness, and, consistent with this standard, previous court decisions have declined to require such linguistic specificity because a search is confined by the object of the search. McCrary, 45 S.W.3d at 44.

not feel "threatened" and was merely "irritated" by the police activity which he described as a "nuisance." Although a failure to object cannot expand a limited consent, a defendant's failure to object to the breadth of a search is an indication that the search was within the scope of the initial, contemplated consent. Anderson, 114 F.3d at 1065; Mcrae, 81 F.3d at 1538; Wacker, 72 F.3d at 1470; United States v. Flores, 63 F.3d 1342, 1362 (5th Cir. 1995); McSween, 53 F.3d at 688; United States v. Torres, 32 F.3d 225, 231-32 (7th Cir. 1994); Sierra-Hernandez, 581 F.2d at 764.

## Conclusion

For these reasons, I dissent from the majority's decision holding the search unconstitutional. In my view, Trooper Norrod's actions in examining the undercarriage of the truck, tapping on the gas tank, and re-examining the gas tank with a flashlight and mirror were objectively reasonable and did not exceed the scope of the defendant's consent to search "in the vehicle" for weapons. Accordingly, I would affirm the judgment of the Court of Criminal Appeals.

_____
FRANK F. DROWOTA, III, CHIEF JUSTICE