United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 4, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 02-21105
c/w No. 02-21134
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

FERNANDO VALERIO-SANTIBANEZ,

Defendant-

Appellant.

**************************

Consolidated with
No. 02-21134

**************************

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

NICOLAS GOMEZ-VALDEZ,

Defendant-

Appellant.

-------------------------------------------------------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-169-1
-------------------------------------------------------------------

Before SMITH, DEMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Fernando Valerio-Santibanez appeals from his conviction of conspiracy and transporting aliens. Nicolas Gomez-Valdez appeals from his conviction of conspiracy and harboring aliens. The appeals have been consolidated. Gomez appeals from his conviction on several grounds; Valerio contends that the evidence was insufficient to support his conviction.

Gomez first argues that the indictment against him was insufficient because it did not specifically allege that he had acted with the intent to violate the immigration laws of the United States. He also argues that the jury instruction on the elements of the offense was insufficient because that specific intent was not included as an element of the offense. These arguments, raised for the first time on appeal, are unavailing. The indictment accurately tracked the language in the statute. Thus, in the absence of any circuit law stating that 8 U.S.C. § 1324 omits an essential mens rea element of the crime of harboring illegal aliens, there was no plain error. *See United States v. Cotton*, 535 U.S. 625, 630-31 (2002); *United States v. Dupre*, 17 F.3d 810, 817 (5th Cir. 1997); *United States v. Arlen*, 947 F.2d 139, 145 (5th Cir. 1991).

Gomez also argues that the district court erred in denying his motion to suppress. Gomez placed no limits on his consent to the search and he did not withdraw his consent to the search. We thus conclude that there was no error with respect to that denial of Gomez' suppression motion. *See*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Florida v. Jimeno*, 500 U.S. 248 (1991); *United States v. McSween*, 53 F.3d 684, 688 (5th Cir. 1995).

The evidence was sufficient to support Valerio's conviction, viewing the evidence in the light most favorable to the verdict. *See United States v. Romero-Cruz*, 201 F.3d 374, 376 (5th Cir. 2000). The evidence showed that Valerio drove six aliens to Gomez's apartment; that the aliens crossed the border and were undocumented; that Demetrio Juarez-Medrano informed Valerio that the aliens were undocumented; and that Valerio acted wilfully to further the aliens' illegal presence in the United States. The evidence was sufficient to convict Valerio of transporting aliens. *See id*.

The evidence showed that Juarez, the driver of a white pickup, and Gomez had formed an alien-smuggling venture. Valerio agreed with Juarez to become a part of the venture after one of the venture's vehicles malfunctioned, knowing that he would be transporting undocumented aliens. By transporting undocumented aliens, the members of the venture committed overt acts in furtherance of the conspiracy. The evidence was sufficient to support Valerio's conspiracy conviction. *See United States v. McCord*, 33 F.3d 1434, 1439 (5th Cir. 1994).

AFFIRMED.