**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2005

Charles R. Fulbruge III
Clerk

**No. 04-30794**
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**AUDON CIENFUEGOS-PAZ,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(5:03-CR-50130-1-SMH)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Audon Cienfuegos-Paz appeals his conditional guilty-plea conviction for possession with intent to distribute cocaine. He contends the district court erred in denying his motion to suppress the cocaine seized in conjunction with the traffic stop that led to his arrest. The denial of a motion to suppress is reviewed under a two-tiered standard: findings of fact are reviewed for clear error; conclusions of law, *de novo*. *E.g.*, ***Ornelas v. United States***, 517 U.S. 690, 694-97 (1996). We view the evidence in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

light most favorable to the prevailing party, in this instance, the Government. *E.g.*, **United States v. Jones**, 234 F.3d 234, 239 (5th Cir. 2000).

First, Cienfuegos-Paz claims that, after the trooper determined he was not driving impaired and the records check came back negative, the trooper's continued questioning about illegal activity resulted in an unconstitutional prolonged detention, which tainted his subsequent consent to search the vehicle. Cienfuegos-Paz's documentation was returned to him before the trooper asked for consent to search the vehicle; and, although the trooper did ask Cienfuegos-Paz whether there was anything illegal in the vehicle, the trooper did not accuse Cienfuegos-Paz of any criminal activity that would permit his regarding the request to search as a continuation of the initial detention. *Cf.* **United States v. Santiago**, 310 F.3d 336, 337-43 (5th Cir. 2002) (finding consent to search vehicle invalid where, immediately prior to search request, the officer asked whether driver knew that road was used to transport drugs); **United States v. Dortch**, 199 F.3d 193, 198-203 (5th Cir. 1999), *corrected on denial of rehearing*, 203 F.3d 883 (5th Cir. 2000) (finding consent to search involuntary where police officers retained suspect's license and rental papers). In addition, nothing in the record indicates Cienfuegos-Paz did not feel free to leave when his documentation was returned to him. Accordingly, the district court did not clearly err in finding

2

Cienfuegos-Paz's consent was voluntarily given during a consensual encounter following the end of a valid traffic stop. *See **United States v. Sanchez-Pena***, 336 F.3d 431, 442-43 (5th Cir. 2003).

For his other claim, Cienfuegos-Paz asserts his consent to search was exceeded in scope and duration when, after the manual search of the vehicle revealed no illegal contraband, the trooper detained him pending the arrival of a canine unit to conduct a further search of his vehicle. Cienfuegos-Paz executed a written consent form allowing the search of his vehicle. That form did not limit the scope of the search to a cursory look. Moreover, at no time did Cienfuegos-Paz protest the scope of the search or otherwise attempt to withdraw his consent, even though the consent form stated he could terminate the search at any time. Thus, the district court did not clearly err in finding the search was within the scope of Cienfuegos-Paz's consent. *See **United States v. Stewart***, 93 F.3d 189, 192 (5th Cir. 1996); ***United States v. McSween***, 53 F.3d 684, 688 (5th Cir.), *cert. denied*, 516 U.S. 874 (1995).

**AFFIRMED**

3