**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30772
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                  Plaintiff-Appellee,

versus

JESSIE FACEN,

                                  Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50111-ALL
---------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

    Following a conditional guilty plea, Jessie Facen was
convicted of possession with intent to distribute 50 grams or
more of crack cocaine.  He was sentenced to 235 months in prison
and a five-year period of supervised release.  Facen appeals the
district court's denial of his motion to suppress evidence and
statements obtained from him by law enforcement officers
following an encounter at the Greyhound Bus Station in
Shreveport, Louisiana.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In reviewing the denial of a motion to suppress, we employ a two-tiered standard of review, examining the factual findings of the district court for clear error and its ultimate conclusion as to the constitutionality of the law enforcement action de novo. United States v. Navarro, 169 F.3d 228, 231 (5th Cir. 1999). We review the evidence in the light most favorable to the prevailing party. United States v. Nichols, 142 F.3d 857, 866 (5th Cir. 1998).

Facen first argues that he was unconstitutionally seized when the officers boarded the bus. Nothing the officers did or said would suggest to a reasonable person that he was not free to leave the bus or otherwise terminate the encounter. See United States v. Drayton, 536 U.S. 194, 201 (2002); Terry v. Ohio, 392 U.S. 1, 19 n.16 (1968). Thus, there was no seizure when the officers boarded the bus.

Facen also argues that he was unconstitutionally seized when the officer asked him to go to the baggage area of the terminal because ticketed passengers would not normally go to that area. Nothing in the record suggests that the manner in which he asked Facen to accompany him to the baggage area was unduly coercive. Viewing the facts in the light most favorable to the Government, we conclude that a reasonable person would have felt free to refuse the officer's request. Thus, no seizure occurred. Drayton, 536 U.S. at 201.

Facen asserts that his consent to search his backpack was invalid because he had been unconstitutionally seized. Given our conclusion that no seizure occurred, this argument is unavailing. The district court's finding that Facen voluntarily consented to the search of his backpack was not clearly erroneous. See United States v. Solis, 299 F.3d 420, 436 (5th Cir. 2002).

Facen also argues that any consent he gave to search his backpack did not encompass consent to search the sealed containers inside his backpack. "The scope of a search is generally defined by its expressed object." Florida v. Jimeno, 500 U.S. 248, 251 (1991). In this case, Facen consented to the officer's search of his backpack for illegal drugs. Facen, knowing the contents of his backpack had the responsibility to limit the scope of his consent if he deemed it necessary to do so. See United States v. Rich, 992 F.2d 502, 507 (5th Cir. 1993). Facen stood silent when the officer began opening the packages. Facen's failure to object to the continuation of the search once consent was given was properly considered as an indication that the search of the wrapped packages was within the scope of the initial consent to search the backpack. See id. at 506-07; United States v. McSween, 53 F.3d 684, 688 (5th Cir. 1995).

Finally, Facen argues that the bus sweep involved in this case is no different than the drug interdiction checkpoints invalidated in City of Indianapolis v. Edmond, 531 U.S. 32

(2000).  <u>City of Indianapolis v. Edmond</u> is inapposite as Facen's case did not involve the stop of a vehicle at a highway checkpoint.

AFFIRMED.