United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10166
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEWTON DEVERAUX COHEN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:04-CR-62-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

After a jury found Newton Deveraux Cohen guilty of
possessing cocaine with the intent to distribute, in violation of
21 U.S.C. § 841(a), (b)(1)(A), he was sentenced to 190 months of
imprisonment. Cohen appeals the denial of his pretrial motion to
suppress. He argues that the district court erred in denying his
motion because his detention following the initially valid
traffic stop was unconstitutionally prolonged and because a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subsequent search of his vehicle exceeded the scope of his consent.

This court reviews the district court's ultimate conclusions on Fourth Amendment issues de novo. United States v. Brigham, 382 F.3d 500, 506 n.2 (5th Cir. 2004) (en banc). Because Cohen does not challenge the validity of his initial stop, the pertinent inquiry in this appeal is whether his detention following the stop was reasonable to dispel Trooper Oscar C. Esqueda's suspicion of unlawful activity that developed during the course of the stop. See id. at 506.

Cohen contends that Trooper Esqueda unreasonably and unconstitutionally prolonged his detention beyond that necessary to effectuate the purpose of the initial stop, asking questions unrelated to the stop and relying only on a generalized suspicion of wrongdoing, a hunch. Contrary to Cohen's assertion, Trooper Esqueda did not ask any impermissible questions during the course of his detention. See Brigham, 382 F.3d at 508. Moreover, the transcript of the suppression hearing establishes that Trooper Esqueda relied on more than a generalized suspicion of wrongdoing; instead, Trooper Esqueda's actions were a graduated response to emerging facts, were reasonable under a totality of the circumstances, and did not unconstitutionally extend Cohen's detention. See id. at 506-09.

Cohen's contention that his consent to search his truck was limited to the tractor or cab portion of the truck and that

Trooper Esqueda exceeded the scope of Cohen's consent when he searched the truck's trailer without Cohen's explicit consent to search it is unavailing. United States v. McSween, 53 F.3d 684, 688 (5th Cir. 1995). Cohen's conduct, unlocking and opening the trailer for Trooper Esqueda, would indicate to a reasonable officer that Cohen consented to the search of the trailer. See id. Because Cohen knew that cocaine was hidden in his trailer at the time of the search, he should have limited his consent, if he deemed it necessary to do so, to clarify any ambiguity from which he now seeks to benefit. See id. Cohen failed to do so.

The district court's judgment is AFFIRMED.