# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 09-10303
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 3, 2010

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BOBBIE DOUGLAS PAYNE, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-49-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Bobbie Douglas Payne, Jr. appeals his conditional guilty plea conviction for possession of an illegally manufactured destructive device,[1] arguing that the district court erred by denying his motion to suppress evidence of the pipe bomb found during a search of his car's trunk. The court held that the police had probable cause and, alternatively, conducted the search pursuant to a valid inventorying. We affirm the probable cause finding and do not reach the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] In violation of 26 U.S.C. § 5861(c).

inventory question.

"When considering the denial of a motion to suppress, this court reviews the district court's factual findings for clear error and its Fourth Amendment conclusions de novo."[2]  The record shows the district court did not clearly err in finding these facts: Two police officers observed an illegally parked car with four people inside.  The occupants were holding up sheets in front of the windows to conceal their activities.  Upon noticing the police, the four occupants exited and scattered.  The police approached and quickly apprehended the suspects, one of whom was Payne.  Patting him down, one officer found a pill, which Payne said was hydrocodone; Payne confessed that he had no prescription.  The officer arrested him and read him his rights.  Searching Payne incident to arrest, the officer found a syringe which Payne said he used for injecting methamphetamine.  Payne admitted he owned the illegally parked car and that he did drugs in it.  The other suspects – one of whom had thrown meth into the bushes while fleeing – also admitted to using the car to do drugs.  The police determined they had probable cause to search the car.  They found no contraband in the passenger compartment, but opened the trunk to find Payne's pipe bomb.

"It is well settled that warrantless searches of automobiles are permitted by the Fourth Amendment if the officers have probable cause to believe that the vehicle contains contraband or other evidence of a crime."[3]  Payne argues that even if the police had probable cause to search the passenger compartment, after coming up empty there, they had no reason to look in the trunk.  We disagree. The Supreme Court has held that "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and

---

[2] *United States v. Troop*, 514 F.3d 405, 409 (5th Cir. 2008).

[3] *United States v. McSween*, 53 F.3d 684, 686 (5th Cir. 1995).

its contents that may conceal the object of the search."[4]  We have commented that if "officers have probable cause to believe that contraband is located somewhere in a car, but they don't know exactly where, then they can search the entire vehicle."[5]  Here, the police had probable cause to believe they would find evidence of drug crime somewhere in the car.

AFFIRMED.

---

[4] *United States v. Ross*, 456 U.S. 798, 825 (1982).

[5] *United States v. Seals*, 987 F.2d 1102, 1107 n.8 (5th Cir. 1993); *see also McSween*, 53 F.3d at 687 (holding that where the police during a traffic stop smell recently burned marijuana but fail to find contraband in the car's passenger compartment, probable cause extends to search the trunk and under the hood).