**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 7, 2013

Lyle W. Cayce
Clerk

No. 12-30464

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RICARDO M. YOUNG, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-52-1

Before JONES, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ricardo M. Young, Jr., conditionally pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and received 30 months' imprisonment and three years' supervised release. His plea reserved the right to appeal the denial of his motion to suppress the firearm seized during the search of his vehicle. Young contends: the ruling was erroneous as a matter of law because the district court believed it could submit the pre-trial suppression issue to the jury; and the court's probable-cause

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determination was based on its erroneously finding an officer testified credibly that he smelled marijuana in the vehicle and saw stems and seeds in it.

For denial of a motion to suppress, a district court's conclusions of law are reviewed *de novo*; its findings of facts, for clear error, viewing the evidence in the light most favorable to the Government. *E.g.*, *United States v. Montes*, 602 F.3d 381, 384-85 (5th Cir. 2010). Factual findings, including credibility determinations, are not clearly erroneous if the findings are plausible in the light of the record as a whole. *Id.* at 384.

Regarding whether, as a matter of law, the district court abdicated its role to rule on admissibility, the admissibility *vel non* of the firearm was "within the sole province of the district court". *United States v. Lang*, 8 F.3d 268, 270 (5th Cir. 1993). Thus, it would have been improper to submit this issue to a jury. *See id.* at 271-72. Because Young entered his conditional guilty plea, no jury was presented this issue. *Cf. id.* at 271. Moreover, there is no statement in the court's order that it intended to submit the suppression issue to the jury; and, by denying the motion to suppress, albeit without prejudice, the court necessarily made the required admissibility determinations, including on credibility. *E.g.*, *United States v. Santiago*, 410 F.3d 193, 198 (5th Cir. 2005).

For his witness-credibility contention, Young asserts the court erroneously found probable cause based solely on the uncorroborated testimony of an officer who testified that the smell of marijuana and presence in plain view of marijuana residue justified his searching Young's vehicle. "It is well settled that warrantless searches of automobiles are permitted by the Fourth Amendment if the officers have probable cause to believe that the vehicle contains contraband or other evidence of a crime." *United States v. McSween*, 53 F.3d 684, 686 (5th Cir. 1995). "[T]he smell of mari[j]uana alone may constitute probable cause to search a vehicle". *United States v. Ibarra-Sanchez*, 199 F.3d 753, 760 (5th Cir. 1999).

The officer's testimony was neither corroborated by the officer's partner nor by the subsequent canine search.  Despite the absence of corroboration, the court found the officer's ability to detect the smell of marijuana both plausible and credible because he was better positioned – in space and in time – than his partner or the drug-detecting dog.  Further, the officer's testifying he smelled marijuana was consistent with his testifying he had later observed marijuana stems and seeds in the vehicle, and with Young's later admitting marijuana had been smoked in the vehicle earlier that day.  The court did not clearly err by crediting the officer's testimony, despite the weaknesses in it.  *E.g.*, *United States v. Gillyard*, 261 F.3d 506, 509 (5th Cir. 2001).

AFFIRMED.