# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60388
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBERT CRAFT, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:12-CR-79-1

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Albert Craft, Jr., appeals from his jury-trial conviction for being a felon in possession of a firearm and the 63-month sentence imposed by the district court. He contends that the district court erred by denying his motion to suppress evidence. When reviewing a denial of a motion to suppress evidence, we review a district court's factual findings for clear error and its legal conclusions de novo. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60388

Police officers observed Craft and his cousin engage in a heated argument with a group of men.  A sergeant, who knew of Craft's extensive criminal history and the history of gun violence in the neighborhood, heard both groups of men threatening to shoot.  Upon spotting a marked police cruiser, Craft left the scene and parked in his cousin's driveway a few blocks away.  When questioned, the group of men involved in the exchange informed the police that Craft had threatened them by brandishing a handgun.  Craft subsequently flagged down the police officer who had followed his car from the scene of the argument and complained to the officer that the other men had threatened him with a weapon.  Craft refused to provide consent to search his vehicle.  Officers then requested a drug-detecting canine which eventually alerted on the driver's side of the vehicle.  The resulting search of Craft's vehicle revealed the firearm.

The totality of the circumstances indicates that, prior to the dog sniff, there was sufficient probable cause to believe that Craft, a known felon, had a firearm in his vehicle.  *See United States v. Banuelos-Romero*, 597 F.3d 763, 767 (5th Cir. 2010); *United States v. McSween*, 53 F.3d 684, 686 (5th Cir. 1995).  That Craft's car was parked in the driveway of his cousin's residence is of no moment, since Craft had no legitimate expectation of privacy there.  *See United States v. Briones-Garza*, 680 F.2d 417, 420 (5th Cir. 1982).  Because probable cause existed to search Craft's vehicle before the canine unit arrived, *see Banuelos-Romero*, 597 F.3d at 767, we need not address Craft's assertion that the dog sniff itself constituted a warrantless search.  The judgment of the district court is AFFIRMED.