# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 19-10402
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
March 23, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LESTER POLTY,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-293-3

————

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Lester Polty appeals the 240-month sentence imposed following his guilty plea to a charge of conspiracy to possess with the intent to distribute a controlled substance. He asserts that the evidence is insufficient to support the two-level, U.S.S.G. § 3B1.1(c) enhancement he received for being a leader, organizer, manager, or supervisor of criminal activity.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10402

The district court's determination that Polty was a leader or organizer under § 3B1.1(c) is a factual finding that we review for clear error. *United States v. Alaniz*, 726 F.3d 586, 622 (5th Cir. 2013). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012) (internal quotation marks and citation omitted). "A finding of fact is clearly erroneous only if, after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks and citation omitted). We may affirm the judgment of the district court on any grounds supported by the record. *See United States v. McSween*, 53 F.3d 684, 687 n.3 (5th Cir. 1995).

Section 3B1.1(c) provides for a two-level enhancement "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in [§ 3B1.1](a) or (b)." § 3B1.1(c). This increase is applicable "even where a defendant did not exercise control over another participant, if he exercised management responsibility over the property, assets, or activities of a criminal organization." *United States v. Ochoa-Gomez*, 777 F.3d 278, 282-83 (5th Cir. 2015).[1] A district court may adopt the facts in a presentence report (PSR) without additional inquiry "if those facts have an evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007) (internal quotation marks and citation omitted).

---

[1] "We note that members of the court have urged *en banc* review of [this interpretation] because it 'conflate[s] an "adjustment" and an "upward departure" for purposes of Application Note 2 to [§3B1.1].'" *United States v. Alvarez*, 761 F. App'x 363, 364 n.1 (5th Cir. 2019) (citing *Ochoa-Gomez*, 777 F.3d at 284–85 (Prado and Elrod, JJ., concurring)).

No. 19-10402

The PSR provided that a participant in the criminal activity acted under Polty's direction. It also established that Polty negotiated drug purchases, arranged and sold drugs directly to other distributors, found a new supplier in late 2017, sold drugs in large quantities, and had digital scales and wrapping with heroin residue in his residence. Even if the information in the PSR was not sufficient to establish that Polty exercised control over another participant's actions, it showed that Polty exercised "management responsibility over the property, assets, or activities of [the] criminal organization." *Ochoa-Gomez*, 777 F.3d at 282-83; *United States v. Delgado*, 672 F.3d 320, 344-45 (5th Cir. 2012) (en banc). Based on the information in the PSR, the application of the § 3B1.1(c) enhancement was plausible in light of the record as a whole. *See* § 3B1.1, comment. (n.4); *Serfass*, 684 F.3d at 550; *see also United States v. Dickerson*, 909 F.3d 118, 127-28 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2685 (2019).

The judgment of the district court is AFFIRMED.