# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2020

Lyle W. Cayce
Clerk

No. 19-30503
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRYAN THOMAS ROBINSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CR-87-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Bryan Thomas Robinson appeals his conviction for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and possessing a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c), on grounds that the district court should have granted his motion to suppress evidence. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30503

Shreveport Police Corporal Rodney Medlin initiated a traffic stop on Robinson when he saw him operating a car without a license plate. When Medlin activated his emergency lights and siren, he saw Robinson bend down, which led Medlin to suspect that Robinson placed a gun or drugs on the floorboard. Corporal Michael Schulz responded as backup.

Upon approaching Robinson's car, both officers smelled marijuana. Robinson admitted that he and the passenger had recently smoked marijuana, and he appeared to be nervous. The officers removed Robinson and the passenger from the vehicle. Medlin and Schulz testified that Medlin read Robinson his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), while he patted him down and handcuffed him.

As he led Robinson to his patrol car handcuffed, Medlin asked him for consent to search his vehicle, which he granted. The officers found an ice chest in the trunk of the car, which contained a firearm, ammunition, marijuana, ecstasy, and drug paraphernalia. Robinson admitted to Medlin that the firearm belonged to him.

Robinson raises three issues on appeal. First, he argues that the district court clearly erred by accepting Medlin and Schulz's testimony that Medlin Mirandized Robinson when that is not reflected in the recording. Robinson argues that the officers' explanation that the microphone periodically malfunctions is pretextual for several reasons, including that other sounds are audible on the recording during the time in which Medlin claims to have given the *Miranda* warning.

The district court did not clearly err by finding that Medlin Mirandized Robinson. Although other sounds are, as Robinson correctly notes, audible during the 94-second window of time in which Medlin claims to have Mirandized Robinson, there are gaps of silence between those sounds where a

*Miranda* warning could have been given if the microphone malfunctioned.  In light of the deference given to the district court for credibility determinations where the judge observed live testimony, as well as the requirement to view the evidence most favorable to the Government as the prevailing party, the district court did not clearly err.  *See United States v. Gomez*, 623 F.3d 265, 268-69 (5th Cir. 2010).  The district court's choice between two permissible views of the evidence cannot be clearly erroneous.  *United States v. Harris*, 740 F.3d 956, 967 (5th Cir. 2014).

Robinson's second issue on appeal is whether the officers unconstitutionally prolonged the stop and searched his entire car, including his trunk.  Robinson and his passenger appeared nervous, and officers detected the smell of marijuana, which alone was sufficient to establish probable cause to search the entire vehicle, including the trunk.  *See United States v. McSween*, 53 F.3d 684, 686-87 (5th Cir. 1995); *see also United States v. Reed*, 882 F.2d 147, 149 (5th Cir. 1989).  Robinson has not explained how the officers' comments that the marijuana smell appeared to stem more from Robinson and the passenger than the vehicle negated the probable cause to search the trunk.

Robinson's third issue on appeal—whether Robinson provided voluntary consent to search his vehicle—is unnecessary to resolve given that the officers had probable cause to search.  Accordingly, the district court's judgment denying Robinson's motion to suppress is AFFIRMED.