IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51080
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

MARTIN GARCIA, JR.,

                                    Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CR-589-ALL
- - - - - - - - - - -
June 6, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Martin Garcia, Jr., convicted of possession with intent to distribute in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), appeals the district court's denial of his motion to suppress evidence obtained during a four-hour search of his trailer-truck.  At issue is the voluntariness of his consent to the search of the contents of the trailer-truck.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Trooper Juan DeLeon conducted a random, regulatory stop of Garcia's truck pursuant to Tex. Transp. Code Ann. § 644.103. Shortly after the initial regulatory inspection, Trooper DeLeon searched the cab of the truck and found a second bill of lading with different origination and destination points than the bill of lading initially presented by Garcia. In light of the second bill of lading, as well as Garcia's origination point in McAllen, Texas, a border town through which narcotics are commonly smuggled, and Garcia's indirect route to his destination which would allow him to avoid a narcotics checkpoint which used canines for every search, Trooper DeLeon asked to search the contents of the trailer again, and Garcia reopened the rear of the trailer for him. However, Trooper DeLeon could not do a complete inspection due to the way the trailer was loaded and the packages being covered in cellophane. When Trooper DeLeon asked Garcia to drive the truck to a nearby grocery store, Garcia complied. Upon arrival at the grocery store, the manager, Trooper DeLeon, and back-up Officers Kite and Frederick began unloading the contents of the trailer. Garcia did not stop them or withdraw his consent.

Once the unloading began, the extended duration of the detention was foreseeable. Garcia, knowing the contents of the vehicle and its various containers at the time he gave his consent, had the responsibility to limit the scope of the consent if he deemed it necessary to do so. United States v. Rich, 992

F.2d 502, 507 (5th Cir. 1993).  His failure to object to the breadth or continuation of the search once consent was freely given was properly considered an indication that the search was within the scope of the initial consent.  Id. at 506-07; United States v. McSween, 53 F.3d 684, 688 (5th Cir. 1995); United States v. Petty, 601 F.2d 883, 899-90 (5th Cir. 1979); Mason v. Pulliam, 557 F.2d 426, 428-29 (5th Cir. 1977); see also United States v. Gonzalez-Basulto, 898 F.2d 1011, 1012-13 (5th Cir. 1990).

As for Garcia's objection to the duration of the search, the four-hour detention is insufficient to show a violation of the Fourth Amendment because Trooper DeLeon had probable cause for the search.  See McSween, 53 F.3d at 686; Petty, 601 F.2d at 890.

The district court did not err in denying Garcia's motion to suppress.  The conviction is affirmed.

AFFIRMED.