United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 13, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 03-40603
Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOSE GARCIA,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-789-1**

---

Before JONES, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Garcia was convicted by a jury of conspiracy to possess with intent to distribute and possession with intent to distribute more than 100 but less than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. The district court sentenced Garcia to concurrent terms of 97 months of imprisonment and concurrent terms of four years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Prior to trial, Garcia unsuccessfully moved to suppress evidence that was discovered as a result of a traffic stop, a warrantless search of a tractor-trailer that was registered in Garcia's name, and a warrantless search of a residence that was leased to Garcia. Garcia appeals the district court's denial of his motions to suppress.

We review the denial of a motion to suppress in the light most favorable to the prevailing party. United States v. Mendoza-Gonzalez, 318 F.3d 663, 666 (5th Cir.), cert. denied, 538 U.S. 1049 (2003). Legal conclusions are reviewed de novo, and findings of fact are reviewed for clear error. Id.

Garcia states that the traffic stop was illegal. However, he does not brief the issue as is required by FED. R. APP. P. 28(a)(9). Garcia also does not brief any issue related to the search of his residence. Garcia, therefore, has waived any challenge to the validity of the traffic stop and the search of his residence. United States v. Posada-Rios, 158 F.3d 832, 867 (5th Cir. 1998).

Garcia concedes that he is not challenging the officer's entry to the trailer and the inspection of the outside of the boxes. Garcia asserts that he is challenging only the unstacking and opening of the boxes in the trailer. He contends that the truck driver did not have actual or apparent authority to consent to a search of the interior of the boxes.

2

The district court concluded that the driver's consent authorized the search of the boxes inside the trailer. The district court concluded alternatively that the police had probable cause to stop the tractor-trailer and to search it for contraband.

The Fourth Amendment prohibits the warrantless search of a vehicle except in the case of valid consent from the owner or probable cause to believe that the vehicle contains contraband or other evidence of a crime. Mendoza-Gonzalez, 318 F.3d at 666. When there is probable cause to justify the search of a lawfully stopped vehicle, the police may search every part of the vehicle including containers and passengers' belongings that may conceal the object of the search. Wyoming v. Houghton, 526 U.S. 295, 307 (1999); United States v. Ross, 456 U.S. 798, 800, 822-23 (1982).

Garcia, who is represented by counsel, does not challenge the district court's probable cause determination. He does not attempt to refute the Government's contention that the police had probable cause to search the trailer.

We are "a court of review, not of original error." United States v. Brace, 145 F.3d 247, 255 (5th Cir. 1998) (en banc). We review "only those issues presented"; we do not "craft new issues or otherwise search for them in the record." Id. Because Garcia has not argued that the district court erred in concluding that the police had probable cause to search the contents of the trailer, he has waived any challenge to the issue. See United States v. Fagan, 821 F.2d 1002, 1015 n.9 (5th Cir. 1987)

3

(arguments not briefed are deemed waived).  We may affirm on any grounds supported by record.  United States v. McSween, 53 F.3d 684, 687 n.3 (5th Cir. 1995).  Accordingly, the judgment of the district court is **AFFIRMED**.