United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-11206
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

LINDY RAY MATTHEWS,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-5-1-Y
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lindy Ray Matthews appeals his conviction of mail fraud, a
violation of 18 U.S.C. § 1341, and his 60-month prison sentence.

Matthews contends that the district court erred in denying
his pro se March 27, 2002, motion to dismiss based on pre-
indictment delay.  Although nearly five years passed between the
alleged commission of the offense and Matthews's May 2000
indictment, Matthews has failed to establish that the delay was
intentionally brought about by the Government "'for the purpose

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of gaining some tactical advantage over the accused . . . or some other bad faith purpose'" or that the delay "'caused actual, substantial prejudice to his defense.'" See <u>United States v. Avants</u>, 367 F.3d 433, 441 (5th Cir. 2004) (quoting <u>United States v. Couch</u>, 84 F.3d 1497, 1523 (5th Cir. 1996) (en banc)).  His references to unavailable witnesses and misplaced documents are vague and speculative.  See <u>Couch</u>, 84 F.3d at 1515.  Matthews has not established that the denial of the motion to dismiss was based on clear error.  <u>United States v. Jimenez</u>, 256 F.3d 330, 334 (5th Cir. 2001).

Matthews argues that the district court erred in denying his <u>pro</u> <u>se</u> motion to dismiss under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161 <u>et</u> <u>seq.</u>  The 70-day STA period was triggered when Matthews was permitted to withdraw his guilty plea on May 22, 2001.  See 18 U.S.C. § 3161(c)(1), (i).  The district court correctly concluded that the period stopped running after 29 days, on June 21, 2001, when Matthews moved for the substitution of counsel, and that the subsequent continuance until September 17, 2001, was excluded under the STA, based on the necessity of Matthews's new attorney to prepare for trial.  See 18 U.S.C. § 3161(h)(8)(A).  That the district court set forth no contemporaneous reasons for this continuance was not fatal to the exclusion of this time, because the court subsequently offered reasons for the continuance when it denied Matthews's motion to dismiss.  See <u>United States v. Bieganowski</u>, 313 F.3d 264, 283

(5th Cir. 2002), <u>cert.</u> <u>denied</u>, 538 U.S. 1014 (2003). As Matthews has not challenged the exclusion of any delays after October 29, 2001, he has not shown that the district court clearly erred in denying his motion to dismiss. <u>United States v. De La Pena-Juarez</u>, 214 F.3d 594, 597 (5th Cir. 2000).

Matthews contends that, under the Sentencing Guidelines, the district court erred in attributing three criminal-history points each to four prior convictions to which he entered pleas and for which he was sentenced on the same date to concurrent prison terms. He argues that these four convictions, along with three others, should have been deemed "related" for purposes of U.S.S.G. § 4A1.2(a)(2) and should have been assigned a combined total of only three points. Matthews fails to acknowledge that the district court alternatively ruled that, even if Matthews's challenge to the counting of criminal-history points was technically correct, his criminal-history score significantly underrepresented his criminal past and that an upward departure was appropriate. Accordingly, any challenge to this alternative ruling is waived. <u>See</u> <u>United States v. Fagan</u>, 821 F.2d 1002, 1015 n.9 (5th Cir. 1987) (arguments not briefed are deemed waived); <u>United States v. McSween</u>, 53 F.3d 684, 687 n.3 (5th Cir. 1995) (court may affirm on any ground supported by record); <u>see</u> <u>also</u> <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987). In any event, Matthews has failed to establish that the district court erred in deeming the four

prior convictions unrelated under U.S.S.G. § 4A1.2(a)(2).  See United States v. Robinson, 187 F.3d 516, 519 (5th Cir. 1999).

After briefing was complete, attorney Steven Rozan filed a motion to withdraw as Matthews's counsel and to stay the proceedings to permit Matthews to find a new attorney.  Matthews has filed two pro se "Omnibus Motions" in which he urges this court either to substitute new counsel for Rozan or to allow him to file pro se supplemental pleadings.  Neither Rozan nor Matthews has established a "conflict of interest or other most pressing circumstances" warranting the substitution of counsel. See FIFTH CIRCUIT PLAN UNDER THE CJA, § 5(B).  To the extent that Matthews seeks to file pro se materials, his request that the court approve "hybrid" representation is not well-taken.  See United States v. Ogbonna, 184 F.3d 447, 449 & n.1 (5th Cir. 1999); 5TH CIR. R. 28.7.  The motions filed by Rozan and Matthews are thus DENIED.

AFFIRMED; MOTIONS DENIED.