United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41624
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO HUGO GARZA; ET. AL.,

Defendants,

OCTAVIO CASTANEDA, doing business as Castaneda's Nationwide
Federal Bonding and Bail Bonds Company Ltd.; ERNESTO C.
CASTANEDA, doing business as Castaneda's Nationwide Federal
Bonding and Bail Bonds Company Ltd.,

Appellants.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-94-CR-6
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Octavio Castaneda and Ernesto Castaneda (the Castanedas)

appeal the district court's denial of their motion for

exoneration or remission of a bond forfeiture.

For the first time on appeal, the Government contends that

the Castanedas lack standing to seek exoneration or remission of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the bond forfeiture.  In response, the Castanedas contend that they have the requisite standing because they were abandoned by the corporate surety and had to pay the forfeiture judgment out of their own pockets.

Federal courts must be certain that Article III jurisdiction based on a "legally cognizable interest" exists before reaching the merits of a case.  See Sierra Club v. Glickman, 156 F.3d 606, 619 (5th Cir. 1998).  "[B]ecause standing is a jurisdictional requirement, it may always be addressed for the first time on appeal."  Public Citizen, Inc. v. Bomer, 274 F.3d 212, 217 (5th Cir. 2001) (internal quotation marks and citation omitted).  To satisfy the standing requirement, a plaintiff must demonstrate: (1) an injury in fact; (2) traceable to the defendant's challenged conduct; (3) that is likely to be redressed by a favorable decision of the district court.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  The injury must be "actual or imminent, not conjectural or hypothetical."  Id. at 560 (internal quotation marks and citation omitted).  "The party invoking federal jurisdiction bears the burden of establishing these elements."  Id. at 561.

The Castanedas have failed to present any evidence that they paid the forfeiture judgment or that they had a contractual obligation to indemnify the corporate surety in the event of a forfeiture.  The bond was secured by the corporate surety and the judgment was satisfied by the corporate surety.  Moreover, to the

extent that the Castanedas argue that they have standing to sue on behalf of the corporate surety, the motion for exoneration or remission of the bond forfeiture was not filed in their capacities as agents for the corporate surety, but, instead, in their individual capacities as alleged sureties.

Therefore, the Castanedas have failed to demonstrate that they suffered an injury in fact sufficient to establish standing. See Lujan, 504 U.S. at 560-61. Accordingly, we affirm the district court's judgment on the alternate ground that the district court lacked jurisdiction to consider the Castanedas's motion for exoneration or remission of the bond forfeiture. See United States v. McSween, 53 F.3d 684, 687 n.3 (5th Cir. 1995).

AFFIRMED.