United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 25, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

No. 05-30971
Summary Calendar

———————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        v.

MONIQUE JASON,

                                        Defendant-Appellant.

———————

Appeal from the United States District Court for the
Eastern District of Louisiana
(04-CR-248)

———————

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

        Monique Jason challenges the district court's denial of her
motion to suppress evidence discovered pursuant to a postal
inspector's consensual search of her vehicle.  We affirm.

### I. BACKGROUND

        Between November, 2003, and March, 2004, multiple customers

---

        * Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

complained to the United States Postal Service that gift cards routed through New Orleans' main office, where Monique Jason worked, had been stolen. After discovering that one of the missing gift cards had been used in conjunction with Ms. Jason's bank card, a postal inspector placed four test letters, containing gift cards and cash, in a tray with other first class mail for Ms. Jason to process.

The postal inspectors, observing and videotaping Ms. Jason from a surveillance position, watched Ms. Jason remove the four brightly colored test letters and an additional letter from the tray, and exit the mail room toward the loading dock. Shortly thereafter, an inspector saw Ms. Jason discard the letters, torn open and without the cash and gift cards, in a dock trash can.

The postal inspectors placed Ms. Jason under arrest and removed her to an office in an adjacent building. Ms. Jason consented to a search of her purse, and inspectors recovered the bank card that had been used in conjunction with the missing gift cards. The inspector also asked Ms. Jason for permission to search her automobile, parked in a nearby lot, "for any evidence of stolen mail matter." She signed a consent form that explicitly authorized agents to search her car for "any letters, papers, materials, or other property, which is contraband or evidence and any mail matter." Ms. Jason wrote the words "any mail matter" on the form in her own handwriting.

During the search of the vehicle, which Ms. Jason watched

without objection, the inspector noticed a Wal-Mart receipt in the trunk. He noticed that the purchase had been made using multiple gift cards, and recognized the receipt as potential evidence related to the mail theft. After seizing the receipt, the inspector traced the gift cards indicated on the receipt to the original purchasers, and learned that the cards had been mailed locally and processed through the main office where Ms. Jason worked, but had never been received by the intended recipients.

The district court denied Ms. Jason's motion to suppress the receipt and a jury convicted her on multiple counts of possessing stolen mail matter and unlawful delay of mail.

## II. STANDARD OF REVIEW

Whether the inspectors exceeded the scope of consent during their search of Ms. Jason's automobile is a question of law. *United States v. Mendoza-Gonzalez*, 318 F.3d 663, 666 (5th Cir. 2003). We review a district court's conclusions of law *de novo*. *United States v. Mendez*, 431 F.3d 420, 425 (5th Cir. 2005).

## III. DISCUSSION

Ms. Jason argues that postal inspectors exceeded the scope of the consent she gave to search her vehicle when they read a Wal-Mart receipt found in the trunk. Additionally, she argues that the inspectors exceeded the scope of the plain view doctrine by moving the receipt closer in order to read it.

When reviewing a consensual search, we consider (1) whether

3

the consent was voluntarily given, and (2) whether the search was within the scope of the consent granted. *See United States v. Rich*, 992 F.2d 502, 505 (5th Cir. 1993). Given that Ms. Jason previously stipulated that she gave consent voluntarily, we must consider only whether the inspectors exceeded the scope of that consent.

The scope of a consensual search is limited to the scope of the consent granted. *See Florida v. Jimeno*, 500 U.S. 248, 251 (1991). Ms. Jason argues that the scope of her consent limited the vehicle search to "stolen mail matter," particularly mail items stolen immediately before her arrest. She bases this argument on her subjective belief that the inspectors were not looking for other incriminating evidence. However, "[t]he question [of scope] is *not* to be determined on the basis of the subjective intentions of the consenting party or the subjective interpretation of the searching officer." *Mendoza-Gonzalez*, 318 F.3d at 667 (citation omitted).

"Under the Fourth Amendment, '[t]he standard for measuring the scope of a suspect's consent . . . is that of 'objective' reasonableness — what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Id.* at 667 (citing *Jimeno*, 500 U.S. at 251). "Although objective reasonableness is a question of law, the factual circumstances are highly relevant when determining what the reasonable person would

4

have believed to be the outer bounds of the consent that was given." *Id.* (citation omitted).

The postal inspector testified that he told Ms. Jason that he was going to search "for any evidence of stolen mail matter." The consent form, which was read and explained to Ms. Jason, and which she helped complete and signed, unambiguously authorized inspectors to seize "any letters, papers, materials, or other property, which is contraband or evidence . . . ." The form did not limit the search to any specific object.

Given that the postal inspector had probable cause at the time of the search to believe that Ms. Jason had stolen gift cards from the mail and redeemed them at retail stores, a store receipt was reasonably related to stolen mail. It certainly fell within the description of "evidence" on the consent form that Ms. Jason signed.[1]

Given that the inspectors did not exceed the scope of consent, we need not reach Ms. Jason's plain view argument.

For the foregoing reasons, we AFFIRM the district court.

---

[1]Further, "the defendant, as the individual 'knowing the contents of the vehicle,' has the 'responsibility to limit the scope of the consent.'" *Id.* (quoting *United States v. McSween*, 53 F.3d 684, 688 (5th Cir. 1995)(citations omitted)).

5