# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2011

Lyle W. Cayce
Clerk

No. 10-41175
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLAUDIO VALLEJO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-1603-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Claudio Vallejo pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to five months of imprisonment and two years of supervised release. He reserved the right to appeal the district court's denial of his motion to suppress evidence seized during a *Terry*[1] stop.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

We review the district court's conclusions of law de novo and its findings of facts for clear error, viewing the evidence in the light most favorable to the Government. *United States v. Gomez*, 623 F.3d 265, 268-69 (5th Cir. 2010). "Under *Terry* . . ., police officers may stop and briefly detain an individual for investigative purposes if they have reasonable suspicion that criminal activity is afoot." *Id.* at 269 (internal quotation marks and citation omitted).

At approximately 2:18 A.M., the officer was dispatched to an apartment complex in reference to a 911 call reporting a stabbing in progress at this apartment complex, which was known for drug activity and assaults. When the officer arrived at the complex two or three minutes after being dispatched, he observed Vallejo exit the complex in a very hurried manner and walk towards the street. Vallejo was holding an open container of alcohol and was evasive in response to the officer's question about what was happening. After the officer told Vallejo to stop, Vallejo complied but then began to move his right hand towards his shorts. He continued to do so after the officer ordered him not to. The officer drew his weapon and ordered Vallejo to the ground. Vallejo complied but continued to reach towards his shorts, and the officer instructed Vallejo to put his hands to the front and side. When Vallejo complied, his shirt was raised, and the officer observed the handle of a firearm in the right pocket of his shorts.

We need not decide whether the officer had reasonable suspicion to stop Vallejo based only on the 911 call. *See id.* (discussing standard for determining reasonable suspicion based upon 911 calls). Assuming without deciding that Vallejo was seized when he was ordered by the officer to stop, the officer had reasonable suspicion that Vallejo had committed or was about to commit an alcohol-related offense. *See United States v. Michelletti*, 13 F.3d 838, 841-42 (5th Cir. 1994); *United States v. Rideau*, 969 F.2d 1572, 1574 (5th Cir. 1992)(en banc). The officer observed Vallejo holding an open container of alcohol in a public place in the early morning while hurriedly walking towards the street, and Vallejo was evasive in response to the officer's question. Though this was not the

justification for the stop expressly given by the officer or relied on by the district court, the officer's subjective motivation is irrelevant to the Fourth Amendment inquiry of whether his actions were objectively reasonable, and we may affirm the suppression ruling on any basis established by the record. *See Whren v. United States*, 517 U.S. 806, 813 (1996); *United States v. McSween*, 53 F.3d 684, 687 n.3 (5th Cir. 1995).

To the extent that Vallejo claims the officer's actions in drawing his weapon and ordering Vallejo to the ground exceeded the permissible scope of the stop, this claim of error is waived by virtue of inadequate briefing. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.