**IN THE COURT OF APPEALS OF IOWA**

No. 14-1076
Filed June 24, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAVID RAY GODDARD,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple (motion to suppress) and Andrea J. Dryer (trial and sentencing), Judges.

        The defendant appeals from the district court's denial of his motion to suppress. **AFFIRMED.**

        Webb L. Wassmer of Wassmer Law Office, P.L.C., Marion, for appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Thomas Ferguson, County Attorney, and Brad Walz, Assistant County Attorney, for appellee.

        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

Following trial on the minutes, David Goddard was convicted of possession of marijuana and possession of methamphetamine, both in violation of Iowa Code section 124.401(5) (2013). He appeals from the district court's denial of his motion to suppress evidence he contends was obtained in violation of his rights protected by the Fourth and Fourteenth Amendments to the United States Constitution.

I.

In the early morning hours of May 7, 2013, Waterloo Police Officer Bovy was on patrol, looking for people driving under the influence of alcohol after bar closing time. Officer Bovy observed a vehicle with a missing front license plate and bumper. Officer Bovy initiated a traffic stop of the vehicle. During the stop, the driver of the vehicle reached toward the glove box and made other erratic movements inside the vehicle cabin. Officer Bovy testified the driver leaned over so far his head nearly disappeared from view. Officer Bovy called for backup.

After the vehicle came to a stop, Officer Bovy approached the driver of the stopped vehicle. The officer immediately recognized the driver as Goddard, whom the officer knew from prior drug-related investigations. Officer Bovy was aware that Goddard had a history of methamphetamine use, history of violence, and history of assaulting officers. During the traffic stop, Goddard spoke fast, was jittery, kept moving his hands, and kept scanning around. Officer Bovy also observed Goddard was sweating, which was not justified by the temperature. Goddard's actions, demeanor, appearance, and answers to questions posed

during the traffic stop led Officer Bovy to believe Goddard was under the influence of methamphetamine. While standing outside the vehicle, the officer saw in plain view the handle of a large knife between the driver seat and the console.

Given the foregoing circumstances, Officer Bovy became concerned about his safety, handcuffed Goddard through the open driver's side window, and removed Goddard from the vehicle. By this point in time Officer Nissen had arrived as back up. Officer Nissen remained with Goddard away from Goddard's vehicle. Officer Bovy then removed the readily accessible knife from its position between the seat and console. While removing the knife, the officer saw in plain view a pill bottle wrapped in black tape on the center console. The officer grabbed the bottle, opened it, and found marijuana. At that point, the officers *Mirandized* Goddard and obtained inculpatory statements from him regarding the marijuana. The officers then searched the vehicle and discovered methamphetamine and paraphernalia in the glove box.

Goddard moved to suppress the marijuana and all evidence subsequently obtained by the officers, including the inculpatory statements Goddard made. The district court denied the motion, concluding:

> Given the defendant's behavior coupled with his prior violent tendencies, the officers were justified in a reasonable suspicion their safety may be in danger. Given the defendant's behavior prior to Officer Bovy's personal contact with him, the officer's observations of the defendant upon their personal contact with him, and the defendant's prior contact with law enforcement involving narcotics and violence, the officers were justified in the search of Goddard's vehicle or the area within the immediate reach of Goddard at the time of the stop. *State v. Bergmann*, 633 N.W.2d 328 (Iowa 2001). Although at the time of the recovery of the knife

and marijuana the defendant was handcuffed, the officers were not required to adopt alternate means to ensure their safety in order to avoid the intrusion involved in a *Terry* encounter.

The Court further concludes the officers had probable cause to search the glove compartment of the vehicle. The Court finds under the totality of the circumstances set forth in the above findings of fact, a search warrant was unnecessary for the search of Goddard's vehicle as probable cause and exigent circumstances existed. *Carroll v. United States*, 267 U.S. 132 (1925).

Finally, the Court concludes that although the pill bottle containing marijuana was examined first, probable cause existed for the search of the glove compartment even in the absence of the recovery of marijuana. The finding of the methamphetamine materials would have led to the defendant's arrest and subsequent search of the vehicle in its entirety. The recovery of the marijuana was inevitable.

## II.

We review do novo the district court's ruling on the constitutional issues raised in the motion to suppress. *See State v. Leaton*, 836 N.W.2d 673, 676 (Iowa Ct. App. 2013). We consider the entire record and conduct an independent evaluation based on the totality of the circumstances. *See State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011). While we give some deference to the findings of the district court because it had the opportunity to observe witnesses and evaluate their credibility, we are not bound by those findings. *See id.* "[A]n ounce of intrinsic merit or demerit in the evidence, that is to say, the value of the comparison of evidence with known facts, is worth pounds of demeanour." E.W. Thomas, The Judicial Process 324 (Cambridge Univ. Press 2005) (quoting *Societe d'Advances Commerciales v. Merchants' Marine Insurance Co.*, Lloyd's Law Rep. 140, 152 (1924)).

III.

The Fourth Amendment to the United States Constitution provides, "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. The Supreme Court has made the Fourth Amendment applicable to state actors by incorporation through the Due Process Clause of the Fourteenth Amendment. *See Mapp v. Ohio*, 367 U.S. 643, 660 (1961). "The purpose of this protection is to safeguard the privacy and security of individuals against arbitrary intrusion by government officials." *State v. Brecunier*, 564 N.W.2d 365, 367 (Iowa 1997).

In general, searches conducted without a warrant are per se unreasonable. *See State v. Watts*, 801 N.W.2d 845, 850 (Iowa 2011). There are exceptions to the warrant requirement, however, including: (1) consent searches, (2) searches based on probable cause and exigent circumstances, (2) searches of items in plain view, and (4) searches conducted incident to arrest. *See State v. Naujoks*, 637 N.W.2d 101, 107 (Iowa 2001). "The State has the burden to prove by a preponderance of the evidence that the search falls within an exception." *State v. Fleming*, 790 N.W.2d 560, 568 (Iowa 2010).

Goddard does not challenge the legality of the traffic stop. Nor does he challenge Officer Bovy securing the knife in plain view between the driver's seat and the center console. Instead, Goddard contends the search of the pill bottle in which the officers found marijuana was unlawful. Specifically, he contends the district court erroneously relied on *Bergmann*, 633 N.W.2d at 333, in concluding

the search was justified to protect the officers' safety. Goddard argues *Bergmann* was undermined by *Arizona v. Gant*, 556 U.S. 332 (2009), and *State v. Vance*, 790 N.W.2d 778 (Iowa 2010). *Gant* clarified the doctrine regarding automobile searches conducted incident to arrest. The Court held searching a vehicle without a warrant is permissible "only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." 556 U.S. at 351. In *Vance*, the Iowa Supreme Court, relying on *Gant*, concluded that "if an arrestee has been taken away from the vehicle, restrained, or is otherwise not within reach of the vehicle, a search incident to arrest can no longer be justified by the possibility the arrestee may secure a weapon or destroy evidence." 790 N.W.2d at 788-89. Goddard argues that the search of the pill bottle in the vehicle cannot be justified by officer safety because he was removed from the vehicle, handcuffed, secured by another officer, and not within reach of the vehicle at the time of the search. Because another exception to the warrant requirement is applicable here, we need not address the issue of whether *Gant* and *Vance* undermined *Bergmann* or whether the warrantless search was justified by officer safety. *See Vance*, 790 N.W.2d at 790 ("In *Gant*, the Supreme Court noted that even if the *Belton* analysis, as limited by *Gant*, does not uphold the constitutionality of a search, other exceptions to the warrant requirement . . . might be applicable to uphold the search.").

"We have repeatedly held that where there is probable cause and exigent circumstances, a warrantless search does not violate a defendant's constitutional

rights against unreasonable searches and seizures." *State v. Maddox*, 670 N.W.2d 168, 171 (Iowa 2003); *see Gant*, 556 U.S. at 347 ("If there is probable cause to believe a vehicle contains evidence of criminal activity, *United States v. Ross*, 456 U.S. 798, 820–21 (1982) authorizes a search of any area of the vehicle in which the evidence might be found."); *State v. McConnelee*, 690 N.W.2d 27, 32 (Iowa 2004) ("Law enforcement may dispense with the warrant requirement when there is probable cause for the search, and exigent circumstances necessitate an immediate search."). Probable cause exists when the circumstances would lead a person of reasonable prudence to believe the vehicle contains contraband or evidence of a crime. *See McConnelee*, 690 N.W.2d at 32; *Maddox*, 670 N.W.2d at 171. In considering whether the police had probable cause to search Goddard's vehicle and the pill bottle, we conduct "an independent evaluation of the totality of the circumstances as shown by the entire record." *Maddox*, 670 N.W.2d at 171. The inherent mobility of a vehicle presents exigent circumstances justifying a warrantless search of an automobile based on probable cause. *See Carroll v. United States*, 267 U.S. 132 (1925); *Maddox*, 670 N.W.2d at 171. The scope of a warrantless search of a vehicle based upon probable cause extends to the containers therein. *See California v. Acevedo*, 500 U.S. 565, 580 (1991) (stating police may search an automobile and containers within it when they have probable cause to believe contraband or evidence is contained in those places).

On de novo review, we conclude the police had probable cause to search Goddard's vehicle and the prescription bottle. *See Vance*, 790 N.W.2d at 791

(Cady, C.J., dissenting) ("The search is permissible where there is evidence of illegal drug activity."); *State v. Carter*, 696 N.W.2d 31, 38 (Iowa 2005) (finding sufficient probable cause to search vehicle upon seeing plastic container on console); *State v. Cullor*, 315 N.W.2d 808, 811 (Iowa 1982) ("Items in plain view within a car, viewed by police officers standing outside the car where they have a right to be, can furnish probable cause for a subsequent search of the car."). Here, the officer had particularized knowledge of this defendant's history of methamphetamine use combined with the officer's perception that Goddard was under the influence of methamphetamine at the time of the stop. The officer observed in plain view a pill bottle that, in the officer's training and experience, typically was used to store narcotics and contraband. *See United States v. Adams*, No. 09–20224, 2010 WL 3070033, at *2 (E.D. Mich. Aug. 4, 2010) (holding oversized pill bottle justified plain view exception to the warrant requirement); *Com. v. McCree*, 924 A.2d 621, 631 (Penn. 2007) (affirming denial of motion to suppress where pill bottles were searched after being found in plain view of automobile). Because the search was supported by probable cause and exigent circumstances, the officers did not violate Goddard's Fourth Amendment rights, and the district court did not err in denying his motion to suppress evidence obtained from searching the pill bottle.

Goddard also contends all the evidence obtained after the officers searched the pill bottle, including his inculpatory statements, should have been excluded from trial as fruit of the poisonous tree. *See State v. Kooima*, 833 N.W.2d 202, 211 (Iowa 2013); *State v. Lane*, 726 N.W.2d 371, 380 (Iowa 2007).

Because the search of the automobile and the pill bottle was lawful, the claim fails.

IV.

For the foregoing reasons, we affirm the district court's denial of Goddard's motion to suppress.

**AFFIRMED.**