# IN THE COURT OF APPEALS OF IOWA

No. 23-2105
Filed April 9, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CARRISA DOREEN MENSCH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Mitchell County, Elizabeth Batey,

Judge.

The defendant challenges the denial of her motion to suppress.
**AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ella M. Newell, Assistant

Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee.

Considered without oral argument by Ahlers, P.J., Badding, J., and

Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2025).

**POTTERFIELD, Senior Judge.**

Following her conviction for possession of a controlled substance (marijuana), first offense, Carrisa Mensch challenges the denial of her motion to suppress evidence. Mensch concedes the deputy who stopped her vehicle had probable cause for the stop; she argues her state and federal constitutional rights were violated when he unlawfully extended the duration of the seizure while engaging in a blended inquiry. Mensch also challenges the search of her vehicle, arguing her admission there was marijuana inside cannot serve as the basis for the search because the statements occurred only after the traffic stop was illegally extended and her consent to search was not voluntarily given.

**I. Background Facts and Proceedings.**

At approximately 7:30 on a night in mid-February, Deputy Jackson Steinberg initiated a stop of a vehicle after he noticed the license plate light was not functioning. Mensch was the driver, and two of her children were passengers in the vehicle. Deputy Steinberg explained the reason for the stop and asked Mensch for her license, registration, and proof of insurance. She immediately handed him her license and registration but struggled to find proof of insurance. After a short time, Deputy Steinberg asked Mensch if she wanted to come sit in his patrol vehicle and continue searching her phone for insurance information while he prepared a written warning for the malfunctioning light. With the deputy's permission, Mensch moved her vehicle to a less busy spot before joining him in the front seat of his patrol vehicle.

Using the computer in his vehicle, Deputy Steinberg verified and input information for the written warning while Mensch continued searching her phone

for proof of insurance. Several minutes passed in this way. Intermittently, he and Mensch spoke about why Mensch was driving to Minnesota, her current financial difficulties, and an "open case" from when one of her children was assaulted.

About ten minutes after he first initiated the stop, as Deputy Steinberg appeared to be wrapping up the written warning for the license plate light, he asked Mensch if she actually had car insurance. Mensch responded that she did, stating she had a picture of it on her phone for which she was still searching. Deputy Steinberg asked Mensch if she could show him proof of payment for the insurance instead. Mensch responded her fiancé would have that information and that he could send her a picture. She told Deputy Steinberg, "I sent him a message. If he's awake he'll respond in a minute." After a short silence, Deputy Steinberg confirmed Mensch's date of birth and current residence. Mensch responded to the questions and then added, "While I wait for him to respond, I'll keep looking." After another pause, Mensch told the deputy, "He's not responding." Deputy Steinberg suggested other places Mensch may have insurance information, asking her if it might be found in her car, purse, or emails. She said, "I do."

About sixteen and a half minutes into the stop, and while Mensch was still trying to access proof-of-insurance information, Deputy Steinberg and Mensch began conversing about her "very long, stressful day." Deputy Steinberg asked, "What's all been going on?" Mensch told him about the death of her best friend nearly a year prior and raising her three children with "several mental issues." Deputy Steinberg asked her, "What do you do to deal with that?" Mensch responded, "Well they're medicated right now." Deputy Steinberg clarified, "The kids are or you are?" Mensch responded that the children were on medication.

About a minute into the conversation, Deputy Steinberg asked, "Do you have anything illegal in the car, ma'am?" Mensch denied it. And then Deputy Steinberg asked, "If I wanted to search your car, could I search it?" Mensch told him, "You can go right ahead." Deputy Steinberg said "okay" and then told her to keep looking for her proof of insurance and to let him know if she found it. Before he could exit the patrol vehicle, Mensch asked why he wanted to search her car. Deputy Steinberg replied, "It's just a consent." Mensch countered, "There's always a reason behind it." Then Deputy Steinberg asked, "Well, do you ever use any narcotics?" To which Mensch admitted, "I do use marijuana. In Minnesota I do. I have a card in Minnesota." After a little more back and forth, Deputy Steinberg asked, "So is there any marijuana in your car?" And Mensch admitted, "There's a little bit in there right now, yes there is." She told him he would find it in the center console of the vehicle. Deputy Steinberg searched Mensch's vehicle; he located and seized a substance that was later confirmed to be marijuana.

Mensch was charged with possession of a controlled substance (marijuana), first offense. She moved to suppress her incriminating statement and the seized marijuana, asserting (1) Deputy Steinberg unlawfully extended the stop for the license plate light and it was only during this illegal extension that she admitted to having marijuana in the vehicle and (2) her consent to the search of her vehicle was involuntarily given.

At a hearing on the motion to suppress, the State called Deputy Steinberg as a witness and Mensch introduced the deputy's body camera footage, which included audio and video of the stop. Deputy Steinberg testified that during the interaction, he was trying to give Mensch time to find the proof of insurance so he

would not have to write her another citation that would cost her money that, based on statements she made to him that night, she did not seem to have. He explained that even if she was able to provide proof of insurance and ultimately get the citation dismissed, she would still be responsible for paying court costs associated with it. *See* Iowa Code § 321.20B(4)(c) (2023). The issue regarding her proof of insurance was still ongoing at the time he asked if he could search her vehicle.

The district court denied Mensch's motion to suppress. The court reasoned that the traffic stop was not unlawfully extended because

> [t]he purposes of the traffic stop had not been concluded nor should they have reasonably been expected to be concluded. The issue of whether [Mensch] would be issued a warning or citation for no insurance was still very much up in the air because of [Mensch's] own statements and actions. . . . Deputy Steinberg certainly could have resolved the interaction earlier by writing [Mensch] a ticket for no insurance, but where [Mensch] continued to assert she had insurance and search for it, the reason for the delay was attributable to [Mensch], not the officer, and Deputy Steinberg did not unreasonably extend the traffic stop against [Mensch's] constitutional rights.

The court also concluded the search of Mensch's vehicle was not unlawful—both because Mensch voluntarily consented to the search and because her statement admitting there was contraband in the vehicle gave Deputy Steinberg probable cause to search under the automobile exception.

Mensch agreed to a bench trial on the minutes of testimony, and the district court found her guilty as charged. She was later sentenced to two days in jail.

Mensch appeals.

**II. Standard of Review.**

"When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our

standard of review is de novo." *State v. Storm*, 898 N.W.2d 140, 144 (Iowa 2017) (citation omitted). "We look to the entire record and make an independent evaluation of the totality of the circumstances." *Id.* (cleaned up). "We give deference to the district court's fact findings due to its opportunity to assess the credibility of the witnesses, but we are not bound by those findings." *Id.* (citation omitted).

**III. Discussion.**

The Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution protect against unreasonable searches and seizures. *See State v. Wenzel*, 987 N.W.2d 473, 479 (Iowa Ct. App. 2022). Searches and seizures are unreasonable unless they "take place pursuant to a warrant issued by a judicial officer [or] . . . an exception to the warrant requirement applies." *State v. Perkins*, 2 N.W.3d 889, 892 (Iowa Ct. App. 2023). "One such exception authorizes a law enforcement officer to stop a vehicle when the officer observes a traffic violation, no matter how minor." *Id.* So, while "[t]he detention of an individual during a traffic stop, even if brief and for a limited purpose, is a seizure within the meaning of the Fourth Amendment," it is permissible when an officer has probable cause a traffic violation occurred. *State v. Salcedo*, 935 N.W.2d 572, 577 (Iowa 2019).

Mensch concedes Deputy Steinberg had probable cause to initiate the stop of her vehicle based on her malfunctioning license plate light. *See State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004) ("When a peace officer observes a violation of our traffic laws, however minor, the officer has probable cause to stop a motorist."). She argues Deputy Steinberg unlawfully extended the duration of the stop. *See*

*Illinois v. Caballes*, 543 U.S. 405, 407 (2005) ("A seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission.").

"[T]he tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's 'mission'—to address the traffic violation that warranted the stop and attend to related safety concerns." *Rodriguez v. United State*, 575 U.S. 348, 354 (2015) (internal citations omitted). "Because addressing the infraction is the purpose of the stop, it may last no longer than is necessary to effectuate that purpose." *Id.* (cleaned up). That said, once a driver is lawfully stopped, an officer may conduct a reasonable investigation, which "includes asking for the driver's license and registration, requesting that the driver sit in the patrol car, and asking the driver about his destination and purpose." *Salcedo*, 935 N.W.2d at 578 (quoting *State v. Aderholdt*, 545 N.W.2d 559, 563–64 (Iowa 1996)). "In fact, an officer may detain the occupants of a vehicle during a traffic stop while the officer completes a number of routine but somewhat time-consuming tasks related to the traffic violation." *Id.* at 580 (cleaned up). "An officer may run a computerized check of the vehicle's registration and insurance; run a similar check of the occupants' identification documents and criminal histories; prepare the traffic citation or warning; and ask the occupants about their destination, route, and purpose" as part of the initial stop without improperly extending the duration. *Id.* (cleaned up).

Once Deputy Steinberg had properly stopped Mensch for the malfunctioning license plate light, he was allowed to ask for her proof of insurance, invite her to sit in his patrol vehicle, and engage in questions about where she was

driving. It was while he was doing this "reasonable investigation" that the new issue regarding Mensch's possible lack of insurance arose. Mensch complains Deputy Steinberg could have prepared the written warning for her license plate light faster if he did not talk to her while he worked on it. But the stop was not extended due to the time it took Deputy Steinberg to finish the written warning for the license plate light. The delay was attributable to the new, ongoing issue— whether Mensch had the necessary insurance—and Deputy Steinberg's decision to allow Mensch to continue searching for proof of insurance to avoid receiving another citation. We agree with the district court on this point:

> [Mensch] is the one responsible for delay, and while the Deputy certainly could have told [her] he was unwilling to allow her to continue searching, it seems he had the time to wait and was trying to be accommodating, and he was not obligated to cut short [Mensch's] search for her proof of insurance at some arbitrary point. "Authority for the seizure . . . ends when tasks tied to the traffic infraction are—or reasonably should have been—completed." [*Rodriguez*, 575 U.S. at 354]. One of the tasks tied to the traffic infraction in this instance (verifying that [Mensch] had insurance on the vehicle) had not been completed at the time the officer asked for consent to search the vehicle.

Deputy Steinberg spoke to Mensch about matters unrelated to her malfunctioning light and her proof of insurance, but those discussions did not unlawfully extend the duration of the stop.

During the traffic stop, Mensch told Deputy Steinberg he could search her vehicle and admitted to having marijuana in the center console of her car. Recognizing that either could be a valid basis for the search, Mensch attacks both. She argues her consent was not valid because it was not voluntarily given. *See State v. Reinier*, 628 N.W.2d 460, 465 (Iowa 2001) ("A warrantless search conducted by free and voluntary consent does not violate the Fourth

Amendment."); *see also State v. Pals*, 805 N.W.2d 767, 782–83 (Iowa 2011) (considering whether consent to search was voluntary under an article I, section 8 challenge). We need not consider this argument because Mensch's admission to having contraband in her vehicle—at a point during the traffic stop that was not unlawfully extended—is enough to make the search lawful. Her admission gave Deputy Steinberg probable cause there was contraband in the vehicle. *See State v. McConnelee*, 690 N.W.2d 27, 32 (Iowa 2004) ("A police officer has probable cause to search an automobile when the facts and circumstances would lead a reasonably prudent person to believe that the vehicle contains contraband." (cleaned up)). And under the automobile exception to the warrant requirement, probable cause is enough for the officer to search the vehicle. *See Storm*, 898 N.W.2d at 145 ("The Supreme Court has recognized a specifically established and well-delineated exception to the warrant requirement for searches of automobiles and their contents. This exception is applicable when probable cause and exigent circumstances exist at the time the car is stopped by police. The inherent mobility of motor vehicles satisfies the exigent-circumstances requirement." (cleaned up)). So the search of her vehicle did not violate Mensch's constitutional rights.

**IV. Conclusion.**

Because Deputy Steinberg did not unlawfully extend the stop and Mensch's admission there was marijuana in the vehicle gave him probable cause to search under the automobile exception, we affirm the district court's denial of Mensch's motion to suppress.

**AFFIRMED.**